NO. 07-04-0029-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 28, 2004



______________________________




DOUBLE ACE, INC., MATTHEW POPE,


ALYSSA POPE WOMACK, AND DONNA POPE, APPELLANTS



V.



BENNIE DALE POPE AND MICHAEL DEARDORFF, APPELLEES




_________________________________



FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;



NO. 02-12-19019; HONORABLE HAROLD PHELAN, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ABATEMENT


 Appellants Double Ace, Inc., Matthew Pope, Alyssa Pope Womack, and Donna
Pope filed their notice of appeal from the trial court's final judgment rendered in favor of
Bennie Dale Pope and Michael Deardorff. The clerk's record was filed on January 26,
2004. Pursuant to Rule 8.1 of the Texas Rules of Appellate Procedure, on January 22,
2004, appellee Bennie Dale Pope filed a Notice of Bankruptcy in this Court together with
an authenticated copy of the page of the bankruptcy petition showing that Double Ace, Inc.
filed for bankruptcy on December 22, 2003. (1) 

 Pursuant to 11 U.S.C. § 362, any further action in this appeal is automatically
stayed. See also Tex. R. App. P. 8.2. For administrative purposes, the appeal is removed
from this Court's docket and abated. Any documents filed subsequent to the bankruptcy
petition will remain pending until the appeal is reinstated. As permitted by federal law, the
appeal will be reinstated upon proper showing that the bankruptcy court has lifted or
terminated the stay or upon a party's motion to sever the appeal with respect to the
bankrupt party and reinstate the appeal as to other parties. See Tex. R. App. P. 8.3(a) &
(b).

 Accordingly, the appeal is abated.

 Per Curiam

1. Although the notice of bankruptcy was filed in cause number 07-03-0529-CV, which
is an accelerated appeal from a temporary injunction in the underlying suit, we also abate
this appeal from the final judgment.


sel
has candidly discussed why, under the controlling authorities, there is no error in the trial
court's judgment. Additionally, counsel has certified that he has provided appellant a copy
of the Anders brief and motion to withdraw and appropriately advised appellant of his right
to file a pro se response in this matter. Stafford v. State, 813 S.W.2d 503, 510
(Tex.Crim.App. 1991). The court has also advised appellant of his right to file a pro se
response. Appellant has not favored us with a response. 

 By his Anders brief, counsel raises a ground that could possibly support an appeal,
but concludes the appeal is frivolous. We have reviewed this ground and made an
independent review of the entire record to determine whether there are any arguable
grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346,
102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We
have found no such arguable grounds and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motion to withdraw is hereby granted and the trial court's
orders are affirmed.


 Mackey K. Hancock

 Justice

 


Do not publish.